UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:93-cr-00133-FDW

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **BRODERICK EDWARD GRAVES,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on the request of the Bureau of Prisons seeking clarification of this court's Order (#183), which reduced defendant's 360 month sentence to a sentence of 292 months pursuant to the Crack II amendments. The BOP seeks clarification as to the "Additional Comments" section, which provides for defendant to be sent to a local residential reentry center as a condition of supervised release. Such language first appeared in another judge's Order (#163) in this defendant's case, reducing his sentence under Crack I from Life imprisonment to 360 months. At the request of the BOP made pursuant to § 3582(c)(2), the court has done a side-by-side comparison of those Orders with the original Judgment (#106), as that Judgment has been provided to the court from Volume 44, Page 79, of the court's Judgment Book.

When the Judgment and the previous Orders are compared, it is readily apparent that the Judgment did not provide for a term of supervision following defendant's sentence to Life Imprisonment. Review of 18 U.S.C. § 3583 (1994), as it existed at the time of sentencing, indicates that inclusion of a term of supervision was at the discretion of the district court unless the offense of conviction mandated a term of supervised release. Review of the offense of

1

conviction, 21 U.S.C. §§ 841 and 844 reveal that inclusion of a term of supervision was mandated, and would result in a five-year period of supervision in this defendant's circumstances. See 21 U.S.C. §841(b)(1)(A) (1994). Judge Potter's statement of reasons for imposition of a Guidelines sentence reflects that he recognized that defendant was subject to a supervised release range of "5 to 5 years." Judgment at 4. However, the Judgment does not impose a period of supervision and the record does not reflect that the government appealed such Judgment or in any manner brought such oversight to the court's attention.

This court can discern why Judge Potter did not impose a term of supervised release: having just imposed a life sentence, as to which the statute provided that such sentence was for "life imprisonment without release," imposition of a period of supervised release would have been a useless act. The court cannot find, however, that the original Judgment in this matter imposed a period of supervised release. While such might have been plain error in light of the mandatory provision of such a term under 21 U.S.C. § 841(b)(1)(A), the time for asserting such error has well passed and the language in the Orders which followed is, therefore, mere surplusage and will be stricken. Although BOP is a branch of the Department of Justice, the court will stay the effective date of this Order by 14 days to allow the government an opportunity to respond if it so desires.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the BOPs request for clarification is GRANTED, and the language contained under the heading "Additional Comments" in Orders (#163 and #183) is stricken.

As this was an Oral request from BOP, the court will stay the effective date of this Order by 14 days to allow the government (and the defendant, if he so desires) to file any response to BOP's request. Absent such response within 14 days, the BOP may consider the "additional Comments" as stricken without further Order.

Signed: 4/25/2014

Max O. Cogburn Jr.
United States District Judge